No. 19,063.

O. F. HANEY, *Appellant*, v. R. L. COFRAN, as Mayor, etc., and J. W. F. HUGHES, as Chief of Police, etc., *Appellees*.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

CITY POLICEMAN—*Tenure of Office—Duration*.    Under chapter 114 of the Laws of 1907, and amendments thereto, in cities governed by commission form of government, the terms of police officers should be definitely fixed by city ordinance, and the terms of such officers expire with the term of office of the board appointing them.    Paragraph 3 of the syllabus of the original opinion (94 Kan. 332, 146 Pac. 1027) modified.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge.    Opinion denying a rehearing and modifying original opinion filed May 8, 1915.    (For original opinion of affirmance see 94 Kan. 332, 146 Pac. 1027.)

*T. D. Humphreys, Arthur Bolinger,* both of Topeka, and *A. E. Crane,* of Atchison, for the appellant.

*W. C. Ralston,* and *J. J. Schenck,* both of Topeka, for the appellees.

*Richard J. Higgins,* of Kansas City, as *amicus curiæ.*

The opinion of the court was delivered by

DAWSON, J.: We have before us a petition for a rehearing filed by an *amicus curiæ* who calls our attention to section 88 of chapter 114 of the Laws of 1907 (Gen. Stat. 1909, § 1304) with the suggestion that this section fixes or provides for the fixing of official terms of police officers. The section reads:

"The board of commissioners may appoint, by a majority vote of all the members thereof, the following officers, to wit: A city attorney, a city clerk, a city treasurer, a city auditor, a city engineer, a superintendent of streets, a superintendent of waterworks, a secretary of waterworks, a fire marshal, a chief of police, a city physician, a judge of the police court, a superintendent of public parks, a city assessor, and such assistants and other officers and servants as they may deem necessary for the best interests of the city; but no such officer shall be appointed until his term and salary shall have been fixed by ordinance. The terms of all appointive officers shall expire with the term of office of the board appointing them, *Provided,* That they shall hold their respective offices until their successors are appointed and qualified; *Provided,* That in case of appointment to fill a vacancy, such appointee shall only serve for the remainder of the term for which his predecessor was appointed."

The clause, "the terms of all appointive officers shall expire with the term of office of the board appointing them," gives another reason for affirming the judgment of the district court; but it does necessitate a modification of what was said in our first opinion (*Haney v. Cofran,* 94 Kan. 332, 146 Pac. 1027). We must now hold that by city ordinance in cities of the first class governed by the commission act (Laws 1907, ch. 114, and amendments), the terms of police officers

are or should be definitely fixed, and the terms of such officers expire with the term of office of the board appointing them. The duration of the official terms of such police *officers* may not be indefinitely extended under the civil-service act in the same sense and in the same manner that the duration of a city employee's service may be extended, but we see no reason why the civil-service regulations for the determination of the qualifications of police officers should not apply. These observations, however, take nothing from the correctness of the judgment of the district court in refusing mandamus to require the mayor and chief of police to restore the plaintiff to his position as a policeman. The plaintiff's term had expired under the statute (Gen. Stat. 1909, § 1304) and under the ordinance which we are bound to assume was promulgated in compliance with that statute.