Hall v. City of Wichita.

---

No. 25,119.

GRACE WALDO HALL, *Appellee,* v. THE CITY OF WICHITA, *Appellant.*

SYLLABUS BY THE COURT.

TENURE OF OFFICE—*Expiration of Term of Office of Police Woman of City of First Class.* The term of a police woman appointed by a city manager of a city of the first class operating under the city manager form of government expires either with the expiration of the term of office of the manager making the appointment, or in conformity with the constitution, "at the pleasure of the authority making the appointment."

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed March 8, 1924. Reversed.

*Robert C. Foulston* and *George Siefkin,* both of Wichita, for the appellant.
*W. P. Campbell,* of Wichita, for the appellee.

Hall v. City of Wichita.

The opinion of the court was delivered by

HOPKINS, J.: The action was one on contract for services. The plaintiff prevailed and defendant appeals.

In January, 1921, L. W. Clapp, then city manager of Wichita, employed plaintiff as police woman at an agreed salary of $150 per month. It was the understanding of both the plaintiff and Mr. Clapp that the employment should last for a period of one year. At the time of the employment, however, Mr. Clapp informed Mrs. Hall that a new board of commissioners would be elected in April, 1921, but that, if her services were satisfactory, she would probably be retained. The plaintiff entered upon the performance of her duties about January 15. In April following, a city election was had and a new board of commissioners elected. On June 1 Mr. Clapp resigned as city manager and was succeeded by Earl C. Elliott. About July 14 Mr. Elliott advised the plaintiff that her employment with the city would terminate August 1, 1921. She was paid her salary until that time. She then accepted employment with a charitable institution in Wichita and at the end of the year filed a claim with the city for the unpaid balance of the year's salary amounting to $750. Payment was refused and the present action brought.

Wichita is a city of the first class operating under the city manager form of government. This law provides that the city manager "shall hold office at the pleasure of the board." (R. S. 12-1011.) "He shall appoint and remove all heads of departments, and all subordinate officers and employes of the city." (R. S. 12-1014.) A city ordinance of Wichita relating to the city manager provides, among other things, "He shall see that the laws and ordinances are enforced; he shall appoint and remove all heads of department and all subordinate officers and employes." (Ordinance 5605, § 1.)

Section 2 of article 15 of the constitution provides:

"The tenure of any office not herein provided for, may be declared by law; when not so declared such office shall be held during the pleasure of the authority making the appointment."

The general statutes relating to appointive officers of cities operating under the commission form of government provides, among other things:

"The terms of all appointive officers shall expire with the term of the office of the board appointing them." (R. S. 13-2101.)

42—115 KAN.

. In *Haney v. Cofran,* 94 Kan. 332, 146 Pac. 1027, it was held that a policeman holds his office during the pleasure of the authority making the appointment. On rehearing, 95 Kan. 335, 148 Pac. 640, it was said:

"The clause 'the terms of all appointive officers shall expire with the term of office of the board appointing them,' gives another reason for affirming the judgment of the district court; but it does necessitate a modification of what was said in our first opinion. We must now hold that by city ordinance in cities of the first class, governed by the commission act, the terms of police officers are, or should be, definitely fixed, and the terms of such officers expire with the term of office of the board appointing them." (p. 336.)

The general rule is that where the nature and character of an officer's employment is such as requires a municipal board or officer to exercise supervisory control over the appointee or employe, a contract relating to the appointment of such appointee or employee cannot exist beyond the life of the appointing power.

In 28 Cyc. 654 this language is used:

"The power of a municipal council to bind successors in office by a contract for a term of years has been repeatedly recognized with regard to water and light supply, street car fares, the disposal of sewage and garbage, and the issuance of municipal bonds. But they may not bind either themselves or their successors to forego their legislative functions; nor are such contracts for personal or professional services to the corporation binding on the corporation after the expiration of the official term of the contracting members." (See, also, *Water Co. v. City of Wichita,* 98 Kan. 256, 158 Pac. 49; Note, 29 L. R. A., n. s., 656; Note, L. R. A. 1915 E., 581; 3 McQuillin on Municipal Corporations, p. 2727 *et seq.; Town of Tempe v. Corbell,* 17 Ariz. 1; *Robbins v. County Commissioners* 50 Col. 610; *McCormick v. Hanover Twp.* 246 Pa. St. 169; *Sanders v. Belue,* 78 S. C. 171.)

Other questions raised in the briefs need not be discussed. .

The judgment is reversed and the cause remanded with directions to enter judgment for the defendant.