The Honorable Clyde D. Graeber State Representative, 41st District 2400 Kingman Leavenworth, Kansas 66048
The Honorable L. Candy Ruff State Representative, 40th District 321 Arch Leavenworth, Kansas 66048
Dear Representatives Graeber and Ruff:
You request our opinion concerning whether K.S.A. 13-2903 disqualifies the son of a city commissioner from being appointed as a police officer in the city of Leavenworth, a city of the first class which utilizes a commissioner-city manager form of government.
K.S.A. 13-2903 states as follows:
 "The relatives by blood or marriage of the mayor or any commissioner are hereby disqualified from holding any city office during the term for which said mayor or commissioners are elected."
The city of Leavenworth has adopted the commissioner-city manager form of government pursuant to K.S.A. 12-1001 et seq. The commission appoints a city manager who administers the city's business and appoints all department heads, officers and employees. K.S.A. 12-1010, 12-1011, 12-1014. K.S.A. 12-1017 provides that except as provided in the commission-city manager act, the general laws establishing the commission form of government in cities of the first class govern. Those general laws are found at K.S.A. 13-1501 through 13-3116. K.S.A. 13-2903 which disqualifies a blood relative of a city commissioner from holding a city office during the commissioner's term of office is applicable to a city of the first class which utilizes a commission-city manager form of government.
Your next inquiry is whether a police officer holds a city office pursuant to K.S.A. 13-2903. In Haney v. Cofran, 94 Kan. 332, modified at95 Kan. 335 (1915), the Supreme Court concluded that a city police officer is a public officer.
 "In many respects a policeman is a municipal officer, but in other and more important respects the legislature and the courts have raised him out of the class of a mere subordinate or employee. . . .
 "A policeman is a conservator of the peace and exercises many of the functions of sovereignty and important duties are imposed upon him by the legislature. This court has frequently recognized police officers as exercising the functions of sovereignty; and being clothed with such extensive powers they must be considered public officers." 94 Kan. at 334.
In Attorney General Opinion No. 77-130 former Attorney General Curt Schneider opined that the position of a city police officer is a public office and a relative by blood or marriage of a commissioner may not hold such office during the term of the mayor or commissioner.
The Haney case has not been overruled and, therefore, there is no reason to depart from the rationale of the former Attorney General's opinion. Consequently, it is our opinion that the son of a city commissioner is disqualified from being appointed as a police officerduring his father's term. The city does have the option of exercising its home rule power by chartering out of the statute if it is desirous of removing such disqualification.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm